### HENIUS *v.* LUBLIN and another.

(*Circuit Court, S. D. New York.* May 9, 1887.)

PATENTS FOR INVENTIONS—VALIDITY—KNOWN PROCESS—IMPROVEMENT.

A bill in equity to restrain the infringement of a patent will be dismissed where the patent alleged to be infringed is merely for an improvement in a previously known process, easily suggested by the tools used in the same, and the authorship of which improvement, if entitled to be called an invention, belongs to the person who devised such original process, and not to the patentee.

In Equity. Bill for infringement of letters patent.
*Arthur V. Briesen,* for plaintiff.
*Edmund Wetmore* and *Wm. A. Jenner,* for defendants.

SHIPMAN, J. This is a bill in equity which is based upon the alleged infringement of letters patent No. 316,034, applied for November 28, 1884, and issued April 21, 1885, to Max W. Henius, for an im-

proved process of manufacturing corset stays. The object of the invention was to blank out single and double or H-shaped corset stays from a strip of metal by successive single operations. The H-shaped or Sherwood stay was the invention of Henry C. Sherwood. The process is probably stated with sufficient clearness in the two claims of the patent, as follows:

"(1)The method of forming single and double corset stays at a single operation, which consists in blanking out a single stay between the two sides of the last half of one double stay and the two sides of the first half of the next double stay, and at the same time separating the completed double stay from the strip. (2) The herein-described improvement in the art of manufacturing corset stays, the same consisting—*First*, in feeding to the press a strip of metal the width of a double stay; *secondly*, in blanking out a single stay between the two parts of the last half of one double stay and the two parts of the first half of the next double stay; and, *thirdly*, in separating the completed double stay from the strip of metal."

In December, 1883, and January, 1884, and prior to the date of the alleged invention, John Norton, the foreman of the Blun & Henius Manufacturing Company, of which Henius was a member, devised and made, at Henius' request, the tools for making what is called the Cohn Stay, which is a double O-shaped corset stay, connected by cross pieces at each end. The dies for the Cohn stay are the same as for the Sherwood stay, except that the die for the cross cut is placed very near the die for the longitudinal cut. The principle or the method of the so-called Henius process was easily suggested by the Cohn tools.

I am strongly inclined to the opinion that, in view of the previously known process for making the Cohn stay, there was no invention in the process for making the Sherwood stay; but, if the latter improvement is entitled to be called an invention, its authorship entirely belongs to John Norton, the same person who made the tools for the Cohn stay. Norton's testimony upon the subject is very clear, is corroborated by Sherwood, and is entirely uncontradicted. The bill is dismissed.